IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RENITA MOORE,

    Plaintiff,

v.                                          Case No. 22-1173

BELLS NURSING HOME, INC.
d/b/a BELLS NURSING &
REHABILITATION CENTER and
HARBER-LAMAN, LLC.                  **Jury Demanded**

    Defendants.

## COMPLAINT

Plaintiff Renita Moore ("Plaintiff"), through her attorneys, brings this complaint against Defendants Bells Nursing Home, Inc. d/b/a Bells Nursing & Rehabilitation Center ("Bells Nursing") and Harber-Laman, LLC for legal relief to redress unlawful violations of Plaintiff's rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq. Bells Nursing and Harber-Laman interfered with Ms. Moore's rights while on FMLA-protected leave, denied her the exercise of her rights, and retaliated against her by terminating her employment for taking FMLA-protected leave. In support, Plaintiff states as follows:

### I. JURISDICTION

1. This Court has original jurisdiction of Plaintiff's claims under the FMLA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 2601 et seq.

### II. PARTIES

2. Plaintiff Renita Moore is an adult resident of Dyersburg, Tennessee.

3. Defendant Bells Nursing Home, Inc. d/b/a Bells Nursing & Rehabilitation Center is a health care community that provides assisted care, independent living, and nursing services to senior citizens and individuals with disabilities. Bells Nursing is a Tennessee corporation with a principal place of business located at 213 Herndon Drive, Bells, TN 38006.

4. Defendant Harber-Laman, LLC is a healthcare management company based in Alamo, Tennessee. Upon information and belief, Harber-Laman owns and operates Bells Nursing and other similar facilities in Crockett, Gibson, and Madison County. Harber-Laman is a Tennessee corporation with a principal place of business located at 16 S. Bells St., Ste. 3, Alamo, TN 38001.

5. Regarding FMLA coverage, at all relevant times, Defendants employed more than 50 employees in their Bells Nursing facility.

6. At all relevant times herein, Plaintiff was an "eligible employee" under the FMLA. Specifically, Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the commencement of her FMLA-protected leave in October 2020.

### III. STATEMENT OF FACTS

7. In or around June 2019, Defendants hired Plaintiff to work as a staffing coordinator at Bells Nursing.

8. In her position as a staffing coordinator, Plaintiff was primarily responsible for training and onboarding new hires and scheduling nursing assistants.

9. During her employment, Plaintiff received positive performance reviews and pay increases.

10. At the time of Plaintiff's termination, she was paid approximately $860 on a biweekly basis.

11. On October 1, 2020, the Juvenile Court of Dyer County entered an order placing a newborn baby in Ms. Moore's care for adoption.

12. Ms. Moore requested to take 6 weeks of FMLA-protected leave to care for the newborn baby that had been placed in her care for adoption.

13. Ms. Moore completed the requisite FMLA paperwork and provided the paperwork and request to Janet Lovell in HR, who then gave the paperwork and request to owner Craig Laman.

14. Ms. Moore's request for FMLA-protected leave was approved by Defendants and was scheduled to last through November 12, 2020.

15. While on FMLA leave, Ms. Moore's supervisor, Jennifer Coble, Acting Assistant Director of Nursing, contacted Ms. Moore, interrupted her FMLA-protected leave, and asked her to come into work for a few days because the facility was understaffed.

16. Ms. Coble was aware that Ms. Moore was on FMLA-protected leave but asked her to work anyway.

17. Ms. Moore felt pressured by Ms. Coble and worked for a few days in October 2020 despite being off work on FMLA-protected leave.

18. On October 29, 2020, while Ms. Moore was still on FMLA-protected leave, a coworker sent her a text message indicating that the Director of Nursing and "corporate" stated that Ms. Moore was no longer working for Defendants.

19. After receiving the text message, Ms. Moore became concerned that she would be terminated for exercising her rights under the FMLA and taking FMLA-protected leave.

20. On or around November 8, while Ms. Moore was still on FMLA-protected leave, Jennifer Coble asked Ms. Moore to work and complete payroll for the CNAs.

21. Ms. Moore felt pressured by Defendants to return to work earlier than anticipated, and she returned to work on or around November 8, 2020.

22. On November 13, 2020, at approximately 10 a.m., Ms. Moore was called into owner Craig Laman's office.

23. Mr. Laman proceeded to terminate Ms. Moore, stating that he had "been hearing some pretty bad things" about her and as a result, he was "letting her go."

24. During this meeting, Ms. Moore reminded Mr. Laman that she had been off work because she was taking FMLA-protected leave. Mr. Laman still proceeded with the termination, in violation of Ms. Moore's rights under the FMLA.

25. Following the meeting with Mr. Laman, Ms. Moore received a separation notice citing "failure to do job duties as assigned."

26. Prior to her termination, Ms. Moore had not received any verbal or written warnings concerning her performance, attendance, or any other alleged issues.

27. Since Ms. Moore's termination, Defendants have also alleged that Ms. Moore was terminated for attendance issues associated with leaving work early on November 11 and 12, which are dates that should have been covered and protected by the FMLA.

28. Under the FMLA, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions. 29 C.F.R. § 825.220(c).

29. Defendants interfered with Ms. Moore's FMLA rights under the FMLA, as prohibited by 29 U.S.C. § 2615(a)(1).

30. Defendants' actions also denied Ms. Moore the ability to exercise her rights under the FMLA. 29 C.F.R. § 825.220(a)(1).

31. The FMLA prohibits employers from retaliating against employees for having exercised their rights under the FMLA. 29 C.F.R. § 825.220(a), (c).

32. Defendants violated Ms. Moore's rights under the FMLA by terminating her for taking FMLA-protected leave.

33. In terminating Plaintiff's employment, Defendants did not act in good faith and did not have reasonable grounds for believing their acts or omissions were not a violation of the FMLA.

34. As a result of Defendants' actions, Ms. Moore suffered a loss in income and benefits.

### IV. CAUSE OF ACTION

35. Plaintiff incorporates the foregoing paragraphs as though specifically set forth herein.

36. Defendant's actions constitute unlawful interference and retaliation in violation of the FMLA as provided by 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(a)-(c), as well as any other provision of the FMLA not specifically named which affords protection to Plaintiff.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

37. Money damages in an amount equivalent to her loss of wages, salary, employment benefits, and other compensation, with interest, as provided by 29 U.S.C. § 2617(a)(1)(A)(i)(I) and § 2617(a)(1)(A)(ii);

38. Liquidated damages in an amount equal to her loss of wages, salary, employment benefits, and other compensation, with interest, as provided by 29 U.S.C. § 2617;

39. Reasonable attorney's fees, reimbursement for costs and expenses, and any expert witness fees, as provided by 29 U.S.C. § 2617(a)(3); and

40. Pre-judgment interest and post-judgment interest on all damages awarded to Plaintiff under the FMLA.

41. Plaintiff further seeks any and all other general, equitable, and/or monetary relief as deemed just by the Court.

Respectfully submitted,

/s/Janelle C. Osowski
Donald A. Donati - TN #8633
Bryce W. Ashby - TN #26179
Janelle C. Osowski - TN #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
901/278-1004 (phone)
901/278-3111 (fax)
janelle@donatilaw.com

Attorneys for Plaintiff